CV 14          6804

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

VICKY WASHINGTON,                          **NOTICE OF REMOVAL**
                                           Civil Action No.
                Plaintiff,                 CV 14-_____

        v.

LUTHERAN MEDICAL CENTER; NEW YORK                    (_____, L)
METHODIST HOSPITAL; LUTHERAN FAMILY                  (_____, M.J.)
HEALTH CENTERS; DONALD MORRISH, M.D.;
AND JOHN DOE AND/OR MARY ROE #1-12,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TO:        THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF NEW YORK:

           PLEASE TAKE NOTICE that an action pending in the Supreme Court of the

State of New York, County of Kings, has been removed to the United States District Court for

the Eastern District of New York.

           LORETTA E. LYNCH, United States Attorney for the Eastern District of New

York, by Dara A. Olds, Assistant United States Attorney, respectfully states the following facts

upon information and belief:

           1.      On or about April 8, 2014, the above-captioned action was commenced in

the Supreme Court of the State of New York, County of Kings, under Index No. 5315/14,

naming as defendants Lutheran Medical Center, New York Methodist Hospital, Lutheran Family

Health Centers, Donald Parrish, M.D., and John Doe and/or Mary Roe #1-12.  *See* Verified

Complaint, annexed hereto as Exhibit A.

           2.      This is an action alleging medical malpractice on the part of the

1

defendants.  Specifically the complaint alleges that on or about September 23, 2013 defendants negligently performed a hysterectomy on the plaintiff and that from October 5, 2011 up to and including October 13, 2013, defendants provided inadequate follow-up care.   *See* Exhibit A, Compl. ¶¶ 7, 16, 18, 19.   The complaint further alleges that the plaintiff suffered personal injuries as a result of the alleged malpractice.

3.      As set forth in the Declaration of Meredith Torres, an attorney with the Office of the General Counsel of the United States Department of Health and Human Services ("HHS"), annexed hereto as Exhibit B, the Sunset Park Health Council, Inc., formerly known as Lutheran Family Health Centers ("Health Centers") operates as a grantee of HHS, and as such has been deemed to be an "employee of the United States" for purposes of medical malpractice coverage, pursuant to the Public Health Service Act ("PHS Act"), as amended by the Federally Supported Health Centers Assistance Act, 42 U.S.C. §§ 233(g)-(n) ("FSHCAA" or "Act").  As a result, Sunset Park and its predecessors, Health Centers, and their employees are covered by the Federal Tort Claims Act ("FCTA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680, and entitled to all the protections thereof.   Defendant Donald Morrish, M.D., was an employee of Health Centers at all times relevant to this action, and, pursuant to 42 U.S.C. §§ 233(g)-(n), is also covered by the FTCA.

4.      In accordance with 28 U.S.C. § 1446(a), a copy of the pleadings served upon defendant Donald Morrish, M.D., including the summons and verified complaint, are annexed hereto as Exhibit A.

5.      Pursuant to 28 U.S.C. § 2679(d)(2), and 42 U.S.C. § 233(c), this action may be removed to this Court.

6.     Under 28 U.S.C. §§ 2408 and 2679(d)(2), and 42 U.S.C. § 233(c), the United States may remove this action without a bond.

7.     Pursuant to 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233(a), (c), (g), this action must be discontinued as to Defendant Donald Morrish because the United States, by operation of law, has been automatically substituted in his place as defendant, pursuant to the accompanying Certification of Scope of Employment and Notice of Substitution of United States as a Party Defendant for Donald Morrish, which establishes that Defendant Morrish was acting within the course and scope of his federal employment at the time of the incident from which the claim arose.  The certification of Assistant United States Attorney Dara A. Olds is annexed hereto as Exhibit C.

WHEREFORE, respectfully, the above-captioned action previously pending in the Supreme Court of the State of New York, County of Kings, is removed to this Court; and

In accordance with 28 U.S.C. § 1446(d), the filing of a copy of this notice with the Clerk of the Supreme Court of the State of New York, County of Kings, shall give that court notice of the removal, and the Supreme Court of the State of New York shall proceed no further with respect to the action, unless and until the case is remanded thereto.

Dated:      Brooklyn, New York
            November 19, 2014

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney
Eastern District of New York
Attorney for Defendant United States of America
271 Cadman Plaza East
Brooklyn, New York 11201

By:    _____
        Dara A. Olds
        Assistant United States Attorney
        (718) 254-6148

TO:    Clerk of Court
      Supreme Court of the State of New York
      County of Kings
      360 Adams Street
      Brooklyn, NY 11201

      THE BEHRENS LAW FIRM
      1110 South Avenue, Suite 402
      Staten Island, New York 10314
      *Attorneys for Plaintiffs*

      Amy C. Lombardo, Esq., CHC
      DOPF, P.C.
      440 Ninth Avenue, 16th Floor
      New York, NY 10001

4

# EXHIBIT A

**The Behrins Law Firm PLLC**
**1110 South Avenue (Suite 402)**
**Staten Island, New York 10314**

COUNTY OF KINGS

Index # 5315/2014

-------------------------------------------------------------------X

VICKY WASHINGTON,

Date
Purchased: 4-8-14

                              Plaintiff,

Plaintiff designates Kings County as
the place of trial.

- against -

The basis of the venue is residence
and place of occurrence.

LUTHERAN MEDICAL CENTER;
NEW YORK METHODIST HOSPITAL;
LUTHERAN FAMILY HEALTH CENTERS;
DONALD MORRISH, M.D.; AND
JOHN DOE AND/OR MARY ROE #1-12,

Plaintiff resides at:
56 North Oxford Walk
Brooklyn, New York 11205

                         Defendants.

County of Kings

-------------------------------------------------------------------X

## SUMMONS WITH NOTICE

*To the above named defendants*

    *YOU ARE HEREBY SUMMONED* to serve a notice of appearance on the plaintiff's attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear, judgment will be taken against you by default for the relief demanded in the notice set forth below.

    *TO RECOVER MONEY DAMAGES* against the defendants in amounts to be determined at trial, but which exceed the jurisdictional limits of all lower Courts which might otherwise have jurisdiction, by reason of the negligence and/or medical malpractice of one or more of the above named defendants.

Dated: Staten Island, New York
       April 7, 2014

                                THE BEHRINS LAW FIRM PLLC
                                Attorneys for Plaintiff
                                Office & P.O. Address
                                1110 South Avenue (Suite 402)
                                Staten Island, New York 10314
                                (718) 447-5540

Defendants' addresses:

150 55th Street
Brooklyn, New York 11220

☒ SUPREME ☐ CIVIL ☐ FAMILY ☐ SURROGATES COURT

CITY / STATE OF NEW YORK - COUNTY OF RICHMOND   KINGS

VICKY WASHINGTON                                          Plaintiff(s)        Index No.

                                                                             5315/2014
                          against
                                                                             AFFIDAVIT
LUTHERAN MEDICAL CENTER; NEW YORK METHODIST HOSPITAL,                         OF SERVICE
LUTHERAN FAMILY HEALTH CENTERS; DONALD MORRISH, M.D., AND    Defendant(s)
JOHN DOE AND/OR MARY ROE #1 - 12

State of New York, County of Richmond        ss.:
Arthur J. Cappabianca being duly sworn, deposes and says: that deponent is not a party to this action, 18 years of age and
resides at P.O. Box 20-471 Staten Island, N.Y. 10302
That on April 17, 2014                       at         1:20P .M.,
    327 Beach 19th Street, Far Rockaway, New York, 11691, St. John's Episcopal
at Hospital                                                                     deponent served the
within Summons with Notice                                                     defendant therin
named, Donald Morrish, M.D.

INDIVIDUAL       By delivering a true copy of each to said defendants personally; deponent knew the person so served to
   1. ☐        be the person described as said defendant therein.


CORPORATION                                     Corporation, by delivering thereat a true copy of each to
   2. ☐       a                              personally, deponent knew said corporation so served to be the
          corporation described in said summons as said defendant and knew said individual to be.
                                             Thereof authorized to accept papers

SUITABLE AGE    by delivering thereat a true copy of each to Nikea Crisp        a person of suitable
  PERSON                                                                        within the state.
   3. ☒       age and discretion. Said premises is defendants  actual place of business

AFFIXING TO   By affixing a true copy of each to the door of said premises, which is dependent's
DOOR, ETC.    CHOOSE ONE                    within the state. Deponent was unable, with due diligence to find
   4. ☐       defendant or a person of suitable age and digression, thereat, having called their.

              on _____ at _____ .M.
              on _____ at _____ .M.
              on _____ at _____ .M.

DESCRIPTION OF
   AREA

MAILING USE   Deponent also enclosed a copy of same in a post paid sealed wrapper properly addressed to defendant at
WITH 3 OR 4   defendants last known residence, at 327 Beach 19th Street, Far Rockaway, NY 11691   04-18-14
   ☒          and deposited said wrapper in – a post office – official depository under exclusive care and custody of

                                                                             4/17/2014 11:08 PM

the United States Postal Service within New York State.

**DESCRIPTION USE WITH 1, 2, OR 3** ☒

Deponent describes the individual served as follows:

☐ Male  ☐ White Skin  ☐ Black Hair  ☐ White Hair  ☒ 14-20 Yrs.  ☐ Under 5'  ☐ Under 100 Lbs.
☒ Female  ☒ Brown Hair  ☒ Black Skin  ☐ Balding  ☒ 21-35 Yrs.  ☐ 5'0"-5'3"  ☐ 100-130 Lbs.
☐ Blond Hair  ☐ Oriental  ☐ 36-50 Yrs.  ☐ 5'4"-5'8"  ☒ 131-160 Lbs.
☐ Glasses  ☐ Spanish  ☐ Gray Hair  ☐ Mustache  ☐ 51-65 Yrs.  ☒ 5'9"-6'0"  ☐ 161-200 Lbs.
☐ Red Hair  ☐ Beard  ☐ Over 65 Yrs.  ☐ Over 6'  ☐ Over 200 Lbs.

Other identifying features:

**L & T ONLY** ☐

In response to my question, he told me that no Tenant of said premises was in military service; and, further, that he knew that no occupant of said premises was a dependent of a person in military service.

**USE IN NYC CIVIL CT.** ☐

*The language required by NYCRR 2900.2 (e), (f) & (h) was set forth on the face of said summons (es).*

**MILITARY SERVICE** ☐

I asked the person spoken to whether defendant was an active military service of the United States or of The State of New York in any capacity whatever and received a negative reply. Defendant wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated.

☐

Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in except the state or in the federal statutes.

Sworn to before me on
April 18, 2014

_signature_
Print name beneath signature

**Arthur J. Cappabianca**
License No.0943927

BRUCE G. BEHRINS
Notary Public, State of New York
No. 02BE5006600
Qualified in Richmond County
Term Expires January 4, 19..

2 of 2

4/17/2014 11:08 PM

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X

VICKY WASHINGTON,

                                        Plaintiff,                    **VERIFIED**
                                                                     **COMPLAINT**

            - against -                                              Index # 5315/14

LUTHERAN MEDICAL CENTER;
NEW YORK METHODIST HOSPITAL;
LUTHERAN FAMILY HEALTH CENTERS;
DONALD MORRISH, M.D.; AND
JOHN DOE AND/OR MARY ROE #1-12,

                                        Defendants.
------------------------------------------------------------------X


        The plaintiff, by her attorneys, The Behrins Law Firm, PLLC, complaining of the

defendants, respectfully shows as follows:


                        **FOR A FIRST CAUSE OF ACTION:**

        1.      At all times hereinafter mentioned the plaintiff, VICKY WASHINGTON

(hereinafter referred to as "the plaintiff") was a resident of 56 North Oxford Walk, Apartment 1G,

Brooklyn, NY 11205, in the Borough of Brooklyn, County of Kings, State of New York.


        2.      At all times hereinafter mentioned the defendant, LUTHERAN MEDICAL

CENTER was and is a corporation organized and existing under and pursuant to the laws of the

State of New York, and having a place of business at 150 55th Street, in the Borough of Brooklyn,

County of Kings, State of New York.


                                        1

3.     At all times hereinafter mentioned, defendant NEW YORK METHODIST HOSPITAL was and is a corporation organized and existing under and pursuant to the laws of the State of New York, and having a place of business at 506 6ᵗʰ Street, in the Borough of Brooklyn, County of Kings, State of New York.

4.     At all times hereinafter mentioned, defendant LUTHERAN FAMILY HEALTH CENTERS was and is a corporation organized and existing under and pursuant to the laws of the State of New York, and having a place of business at 9000 Shore Road, Brooklyn, New York 11209.

5.     At all times hereinafter mentioned, the defendant DONALD MORRISH, M.D., (hereinafter referred to as "MORRISH") was and is a medical doctor with a business address at the defendant LUTHERAN MEDICAL CENTER'S place of business at 150 55ᵗʰ Street, in the Borough of Brooklyn, County of Kings, State of New York.

6.     Upon information and belief, at all times hereinafter mentioned, the defendant MORRISH was a physician and surgeon duly licensed to practice as such in the State of New York.

7.     At all times hereinafter mentioned, the defendants "JOHN DOE" (hereinafter referred to as "DOE") and "MARY ROE" (hereinafter referred to as "ROE") and others were either medical doctors, physicians' assistants, nurses and/or other health care professionals whose identities are unknown at the present time, but who may have assisted the defendants LUTHERAN MEDICAL CENTER and/or MORRISH on or about September 23, 2011 when the defendant

2

MORRISH performed a hysterectomy surgery upon the plaintiff, and/or between October 5, 2011 and October 13, 2011 when the plaintiff was again admitted as an inpatient at the defendant LUTHERAN MEDICAL CENTER'S place of business, for severe pain following the September 23rd operative procedure.

8.     At all times hereinafter mentioned the defendants DOE, ROE and/or others had a business address at the defendant LUTHERAN MEDICAL CENTER'S place of business at 150 55th Street, in the Borough of Brooklyn, County of New York, State of New York.

9.     At all times hereinafter mentioned the defendant LUTHERAN MEDICAL CENTER operated and maintained hospital facilities for the medical examination and treatment of patients, specializing in the examination and treatment of patients suffering from medical ailments including, but not limited to, a large fibroid uterus requiring abdominal hysterectomy surgery.

10.     At all times hereinafter mentioned, the defendant MORRISH and the other individual defendants were employed by and/or were the agents or representatives or servants of the defendant LUTHERAN MEDICAL CENTER, and held themselves out as specialists in the examination and treatment of patients suffering from medical ailments including, but not limited to, a large fibroid uterus requiring abdominal hysterectomy surgery.

11.     At all times hereinafter mentioned all of the individual defendants were duly licensed by the State of New York to practice as physicians or as physician assistants or as nurses.

3

12.     At all times hereinafter mentioned the defendant MORRISH claimed to be a specialist and to have expertise as a surgeon operating on patients suffering from medical ailments including, but not limited to, a large fibroid uterus requiring abdominal hysterectomy surgery.

13.     At all times hereinafter mentioned the defendant MORRISH and the other individual defendants rendered medical services to patients of the defendant LUTHERAN MEDICAL CENTER'S hospital, and in particular to the plaintiff, pursuant to employment and/or other agreements with the defendant LUTHERAN MEDICAL CENTER, rendering the defendant LUTHERAN MEDICAL CENTER vicariously liable for the acts of omission and/or commission of the individual defendants.

14.     Between September 23, 2011 and September 26, 2011, and between October 5, 2011 and October 13, 2011, the plaintiff was a patient under the professional care of the individual defendants and the defendant LUTHERAN MEDICAL CENTER.

15.     Between September 23, 2011 and September 26, 2011, and between October 5, 2011 and October 13, 2011, and for some time thereafter, the defendants for a good and valuable consideration undertook and endeavored to, and did, advise and treat the plaintiff professionally.

16.     On or about September 23, 2011 while the defendant MORRISH (and possibly others) was performing an abdominal hysterectomy surgical operation on the plaintiff, the plaintiff suffered a ligation of her left ureter, an injury to her left ureter and an injury to her bladder, among other injuries.

4

17.     Between September 23, 2011 and September 26, 2011, and between October 5, 2011 and October 13, 2011, the plaintiff engaged the defendant LUTHERAN MEDICAL CENTER as a hospital facility, and its physicians and other health care professionals to diagnose, treat, and cure the plaintiff's medical ailments including, but not limited to, a large fibroid uterus requiring abdominal hysterectomy surgery, and the defendants undertook to attend and treat and care for the plaintiff and to use due reasonable and proper skill and care in the plaintiff's treatment.

18.     The defendants failed to exercise reasonable care and were negligent in performing the abdominal hysterectomy surgery on the plaintiff, ligating her left ureter, and otherwise injuring her left ureter and bladder.

19.     The surgical operation and procedures and the advice and treatment were given and rendered in an improper, negligent and careless manner in that one or more of the defendants failed to employ the skill, care and diligence commonly and ordinarily possessed by, and required of, physicians and surgeons in the locality where the defendants practice; in that they failed to properly advise and instruct the plaintiff concerning post-operative care and procedure; in that they failed to properly diagnose, treat and prescribe for the condition from which the plaintiff was suffering between September 23, 2011 and September 26, 2011, and between October 5, 2011 and October 13, 2011, and thereafter; and the defendants were otherwise careless and negligent in the circumstances by failing to employ reasonable and proper steps, procedures and practices for the health, welfare and safety of the plaintiff and to avoid injury to her.

20.    The aforesaid occurrence was caused solely by reason of the negligence of the aforementioned defendants, and without any fault or negligence on the part of the plaintiff.

21.    By reason of the foregoing, the plaintiff was rendered sick, sore, lame and disabled and upon information and belief, her injuries were of a permanent nature and character; and the plaintiff was compelled to remain away from her usual duties and vocation, and was compelled to incur divers obligations and in the future will be further compelled to incur divers obligations in an effort to heal and cure herself of her injuries, all to her great damage.

22.    That this action and the following actions fall within one or more of the exceptions set forth in CPLR Article 16, if applicable.

23.    By reason of the foregoing, the plaintiffs have been damaged in an amount exceeding the jurisdictional limits of all lower courts which might otherwise have jurisdiction.

## FOR A SECOND CAUSE OF ACTION:

24.    The plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if set forth at length herein.

25.    The defendants failed to inform the plaintiff of the risks, hazards and alternatives of the procedures utilized and the treatments rendered so that an informed consent could have been given.

26.    Reasonably prudent persons in the position of the plaintiff would not have undergone the procedures utilized and the treatments rendered if the plaintiff had been fully informed of the risks, hazards, and alternatives attendant thereto.

27.    The failure to inform the plaintiff accordingly was and is a proximate cause of her injuries.

28.    No informed consent was given by the plaintiff.

29.    By reason of the foregoing, the plaintiff has been damaged in an amount exceeding the jurisdictional limits of all lower courts which might otherwise have jurisdiction.

WHEREFORE, the plaintiffs demand judgment pursuant to CPLR 3017 for money damages against the defendants in the First and Second Causes of Action in amounts to be determined at trial but which exceed the jurisdictional limits of all lower courts which might otherwise have jurisdiction, together with interest, costs and disbursements.

Dated: Staten Island, New York
       August 13, 2014

                                        THE BEHRINS LAW FIRM PLLC
                                        Attorneys for Plaintiff
                                        Office & P.O. Address
                                        1110 South Avenue (Suite 402)
                                        Staten Island, New York 10314
                                        (718) 447-5540

7

To:    DOPF, P.C.
Attorneys for Defendant(s)
Office & P.O. Address
440 Ninth Avenue (16th Floor)
New York, New York 10001
(212) 244-9090

8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------X

VICKY WASHINGTON,

                             Plaintiff,

        - against -

LUTHERAN MEDICAL CENTER;
NEW YORK METHODIST HOSPITAL;
LUTHERAN FAMILY HEALTH CENTERS;
DONALD MORRISH, M.D.; AND
JOHN DOE AND/OR MARY ROE #1-12,

                           Defendants.
-----------------------------------------------------------X

                                       **VERIFICATION**

                                **INDEX #: 5315/14**

STATE OF NEW YORK      }
                        .ss:
COUNTY OF RICHMOND   }

        Vicky Washington, being duly sworn, deposes and says:

   1.     I am the plaintiff in this action.

   2.     I have read the foregoing complaint and know the contents thereof.

   3.     The same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it/them to be true.

                                            Vicky Washington

Sworn to before me this
13th day of August, 2014.

               **BRUCE G. BEHRINS**
          Notary Public, State of New York
              No. 02BE5006600
_____   Qualified in Richmond County
    Notary Public         Term Expires January 4, 20__

# EXHIBIT B

-1-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Vicky Washington, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| Lutheran Medical Center; | ) | Case No._____ |
| New York Methodist Hospital; | ) | |
| Lutheran Family Health Centers; | ) | |
| Donald Morrish, M.D.; and | ) | |
| John Doe and/or Mary Roe #1-12 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF
## MEREDITH TORRES

1.  I am a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2.  The Department has a Claims Branch that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3.  As a consequence, if a tort claim had been filed with the Department with respect to Sunset Park Health Council Inc., f/k/a Lutheran Family Health Centers, its approved delivery sites,

-2-

or its employees or qualified contractors, a record of that filing would be maintained in the Claims Branch's database.

4.   I caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Vicky Washington, or an authorized representative relating to Sunset Park Health Council Inc., f/k/a Lutheran Family Health Centers and/or Donald Morrish, M.D.

5.   I have also reviewed official agency records and determined that Sunset Park Health Council Inc., f/k/a Lutheran Family Health Centers was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2011, and that its coverage has continued without interruption since that time.   The Secretary of Health and Human Services' authority to deem entities as Public Health Service employees under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. Copies of the notifications by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services, to Sunset Park Health Council Inc., f/k/a Lutheran Family Health Centers are attached to this declaration as Exhibit 1.

6.   Official agency records further indicate that Donald Morrish, M.D., was an employee of Sunset Park Health Council Inc., f/k/a Lutheran Family Health Centers at all times relevant to the complaint in this case.

I declare under penalty of perjury that the foregoing is true and correct.   28 U.S.C. § 1746.

Dated at Washington, D.C., this ___3rd___ day of _October_____, 2014.

_____
MEREDITH TORRES

-3-

Senior Attorney, Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services

EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

VICKY WASHINGTON,

                 Plaintiff,

        v.

LUTHERAN MEDICAL CENTER; NEW YORK
METHODIST HOSPITAL; LUTHERAN FAMILY
HEALTH CENTERS; DONALD MORRISH, M.D.;
AND JOHN DOE AND/OR MARY ROE #1-12;

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No.

_____

(_____, J.)
(_____, M.J.)

## CERTIFICATION OF SCOPE OF EMPLOYMENT AND NOTICE OF SUBSTITUTION OF UNITED STATES AS PARTY DEFENDANT FOR DONALD MORRISH, M.D.

By virtue of the authority vested in this Office by the Attorney General under 28 C.F.R. § 15.4, it is hereby certified on the basis of the information now available with respect to the incident alleged in the Verified Complaint, that defendant Donald Morrish, M.D. ("Morrish"), was acting within the scope and course of his federal employment as an employee of Sunset Park Health Council, Inc., formerly known as, Lutheran Family Health Centers ("health centers"), a grantee of the U.S. Department of Health and Human Services, at the time of the incident over which the above-referenced action arose.   Accordingly, pursuant to 42 U.S.C. § 233(a), (c), (g) and 28 U.S.C. 2679(d)(2), the United States of America is hereby substituted by operation of law as a party defendant for defendant Morrish, and any and all claims asserted in the Verified Complaint against defendant Morrish, shall be, and hereby are,

deemed to be claims for relief against the United States of America.

Dated: Brooklyn, New York
November 19, 2014

LORETTA E. LYNCH
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

By: _____
DARA A. OLDS
Assistant U.S. Attorney
(718) 254-6148
dara.olds@usdoj.gov

TO:     Clerk of Court
        Supreme Court of the State of New York
        County of Kings
        360 Adams Street
        Brooklyn, NY 11201

        THE BEHRENS LAW FIRM
        1110 South Avenue, Suite 402
        Staten Island, New York 10314
        *Attorneys for Plaintiffs*

        Amy C. Lombardo, Esq., CHC
        DOPF, P.C.
        440 Ninth Avenue, 16th Floor
        New York, NY 10001